UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

OLIVER ELOY MATA VELASQUEZ,

       Petitioner,

v.                25-CV-00493 JLV

STEPHEN KURZDORFER, in his official capacity as Acting Field Office Director, Buffalo Field Office, Enforcement and Removal Operations, U.S. Immigration & Customs Enforcement, et al.,

       Respondents.

## PROTECTIVE ORDER

### A. Introduction

All the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to facilitate the prompt resolution of disputes over confidentiality, adequately protect information entitled to be kept confidential, and ensure that protection is afforded only to material so entitled. The Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to potential discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment. The Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal.

**B.     Definitions**

1.     "Action" shall mean the case captioned *Velasquez v. Kurzdorfer, et al.*, No. 25-CV-00493.

2.     "Confidential Information" shall mean information that, at the time of its production in discovery in the action, or thereafter, is designated confidential by the Producing Party because of a good faith belief that the information is:

   a. personal financial, medical or other private information relating to an individual that would properly be redacted from any public court filing pursuant to Federal Rule of Civil Procedure 5.2; or

   b. protected by the Privacy Act of 1974, 5 U.S.C § 552a; or

   c. protected by 8 C.F.R. § 208.6; or

   d. personal financial, medical or other private information relating to an individual other than Petitioner that would properly be redacted from any public court filing pursuant to Federal Rule of Civil Procedure 5.2., including any document, information, or tangible thing protected by the provisions of the Family and Educational Rights and Privacy Act, 20 U.S.C. § 1232g, 34 C.F.R. Part 99; or

   e. certain individually identifiable health information (defined as health information that is connected to a patient's name, address, Social Security number, or other identifying number, including Health Insurance Claim (HIC) number) that may be subject to the provisions of the Privacy Act, 5 U.S.C. § 552a; the provisions of 45 C.F.R. §§ 164.102-164.534 (regulations promulgated pursuant to the Health Insurance Portability and Accountability Act (HIPAA)); or health information for which there may be no waiver by the patient to produce the records to an entity outside one of the Parties; or

   f. contained in individual detainee files (e.g. "alien files") that would be protected by the Privacy Act or any other information or documents that would be covered by the Privacy Act if the subject of the information had been a United States citizen or a person lawfully admitted for permanent residence; or

   g. information pertaining to applications for asylum or withholding of removal, which are subject to disclosure conditions under 8 C.F.R. §§ 1003.27(c) and 1208.6(a), as well as information pertaining to: (1) applications for Temporary Protected Status under 8 U.S.C. § 1254a; and (2) information that relates to an alien who is the beneficiary of an application for relief under 8 U.S.C. §§ 1101(a)(15)(T), (15)(U), (51) or 1229b(b)(2); or

h. any other information that is protected or restricted from disclosure by Court order, statutes, or regulations, including, but not limited to: 8 U.S.C. §§ 1160(b)(5); 1186a(c)(4), 1202(f), 1254a(c)(6), 1255a(c)(4), (5); 1304(b), and 1367(a)(2), (b), (c), (d); 22 U.S.C. § 7105(c)(1)(C); 8 C.F.R. §§ 208.6, 210.2(e), 214.11(e), 214.14(e), 216.5(e)(3)(viii), 236.6, 244.16, 245a.2(t), 245a.3(n), 245a.21, 1003.27(b)-(d), 1003.46, 1208.6, 28 C.F.R. § 0.29f, which otherwise could subject either party to civil or criminal penalties or other sanctions in the event of unauthorized disclosure; or

i. information that would be protected from public disclosure under the Freedom of Information Act, 5 U.S.C. 552 *et seq.* because it would be subject to law enforcement investigative privilege, law enforcement informant privilege, deliberative process privilege, attorney work product privilege, attorney-client communication privilege, or other restrictions on disclosure; or

j. personally identifiable and contact information of all federal government employees and non-federal government employees, including names and contact information; or

k. about national security resources, staffing, intelligence, methods (including the names and contact information of third parties, non-supervisory federal and non-federal employees), the release of which to the public may adversely impact identifiable national security interests; or

l. otherwise protected from disclosure under applicable statutes, court rules, case law, or common law, for which special protection from public disclosure and from use for any purpose other than litigation of this action is warranted.

3. "Disclose" (or forms thereof) shall mean to distribute, provide, or otherwise make available for access, viewing, or copying. "Disclose" shall include the actual covered document or item as well as the contents or information contained therein, such that disclosing a copy, summary, paraphrasing, or characterization would be considered a disclosure of the document itself for purposes of this Protective Order.

4. "Document" shall mean the definition used in Local Rule 26(c)(3)(B).

5.  "Challenging Party" shall mean any party who challenges the designation of information as Confidential Information under this Protective Order.

6.  "Designating Party" shall mean the party or other person producing in discovery in the Action any information that the Producing Party seeks to designate and have treated as Confidential Information pursuant to this Protective Order.

7.  "Producing Party" shall mean the person or party producing discovery in the Action. A Producing Party may be a party to this Action, or it may be a person or entity who is not a party to this Action (a "non-party"), such as a third-party recipient of a subpoena in this Action.

8.  "Receiving Party" shall mean any party who receives information that has been designated as Confidential Information.

## C. Purpose, Scope, and Limitations of Protective Order

9.  This Protective Order applies to all information disclosed in this action, whether before or after this Order is entered. This Order binds the Parties and their respective agents, successors, personal representatives, and assignees.

10. Nothing in this Protective Order supersedes existing independent statutory, law enforcement, national security, or regulatory obligations imposed on a Party, and this Protective Order does not prohibit or absolve the Parties from complying with such other obligations.

11. This Protective Order shall not prejudice in any way any party's ability to challenge the use or disclosure of information other than information designated as

Confidential Information under this Protective Order in this Action. A party's compliance with the terms of this Protective Order shall not operate as an admission that any particular material is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at any hearing set by the Court to determine the merits of Petitioner's claims.

12. The protections conferred by this Protective Order do not cover any information (a) properly in the public domain; (b) that becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record in this Action through any hearing set by the Court or otherwise; or (c) known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party.

13. This Protective Order does not govern the use by the parties of Confidential Information in open court at any hearing, but the Parties reserve the right to seek relief from the Court in connection with the intended use of Confidential Information in any such hearing. See also paragraph 36 below (providing advance notice to Producing Party prior to use of Confidential Information in open court or in support of a motion).

14. This Protective Order governs the disclosure, use, and handling of all Confidential Information, regardless of the format or medium in which such Confidential Information is generated, stored, or maintained.

15. Any Confidential Information referenced in, or contained in, any Document filed with the Court in this Action by the Producing Party shall at the time of filing cease to be Confidential Information unless the Producing Party files the un-redacted Document under seal.

16.    Nothing in this Protective Order shall restrict the right of any Producing Party to use its own Confidential Information for any purpose whatsoever, but if any such use results in a disclosure that causes the Confidential Information to lose its designation as Confidential Information, then it shall no longer be subject to any protection under this Protective Order.

17.    Neither the termination of this Action nor the termination of employment of any person who has had access to any Confidential Information shall relieve such person of his or her obligations under this Protective Order, which shall survive.

18.    Any party may at any time seek modification of this Order by agreement or, failing agreement, by motion to the Court.

### D.    Method for Designating Confidential Information

19.    Designation of Confidential Information shall be made by the Producing Party, prior to or at the time of production, except as otherwise provided by this Protective Order.

20.    The Designation of Confidential Information shall be limited only to those Documents or portions of Documents that qualify under the appropriate standards or under the definition of "Confidential Information" in paragraph 2. For documents produced in paper or an electronic form that allows endorsements or similar designation on the image, the designation shall appear by the inclusion of the marking of "Confidential - Subject to the Protective Order" on each page of the document asserted to contain Confidential Information. For electronic information that is provided in native form or a format that is not amenable to visible endorsement on the image, the file name(s) shall begin with "Confidential - Subject to the Protective Order". The media on which the Confidential Information is

provided (e.g., CD, DVD, external hard drive) also must be and remain plainly labeled with "Confidential – Subject to the Protective Order" unless and until the protection of the data within the media is removed. Any copying or transferring of electronic files that are designated as Confidential Material must be done in a manner that maintains the protection for all copies, including, but not limited to, in the filename(s) and the location where the copies are stored and users' access thereto.

21. For interrogatory answers and responses to requests for admissions, if any, designation of Confidential Information shall be made by placing within each interrogatory answer or response to requests for admission asserted to contain Confidential Information the following: The following response is "Confidential - Subject to the Protective Order".

22. For any Document or item produced in discovery in this Action not falling within paragraph 20 above, designation of Confidential Information shall be made by labeling the item or the item's container with "Confidential - Subject to the Protective Order." If only a portion or portions of the information contained in the item warrant protection as Confidential Information, it shall be accompanied by a cover letter identifying the specific portion or portions so designated.

23. If it comes to a Producing Party's attention that information designated as Confidential Information does not qualify or no longer qualifies for protection, the Producing Party must promptly notify all Parties that it is withdrawing the designation for the applicable information. See paragraph 28 below (providing for re-production of information after designation is removed or withdrawn).

24. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of produced material that he, she, or it had previously produced without

limitation should be designated as "CONFIDENTIAL" he, she, or it may so designate by so apprising all prior recipients of the produced material in writing, and thereafter such designated portion(s) of the produced material will thereafter be deemed to be and treated as Confidential Information under the terms of this Protective Order. The Parties shall cooperate to retrieve disseminated copies and restore confidentiality of the inadvertently disclosed information to only those persons authorized to review such information pursuant to this Protective Order. An inadvertent failure to designate qualified information or items does not waive the Designating Party's right to secure protection under this Protective Order for such material.

### E. Challenging Confidential Designations

25. The Challenging Party shall initiate a challenge to the designation of any Confidential Information under this Protective Order under paragraph 20 above, by providing to the Designating Party written notice of each designation it is challenging within 30 days after production.

26. The Challenging Party and the Designating Party shall attempt to resolve each challenge in good faith and must meet and confer after the Designating Party receives notice from the Challenging Party. The Challenging Party must provide a list of documents that it is challenging. The Designating Party must have an opportunity to review the applicable documents and either keep or change the designation. The Designating Party must communicate its base(s) for the designation and its decision(s) to the Challenging Party within seven calendar days after receipt of notice of the challenge, or within a reasonable time agreed to by the Parties.

27. If the Designating Party decides to withdraw its designation, it shall give written notice of this change to the other party. See paragraph 28 below (providing for re-production of information).

28. If the Challenging and Designating Parties cannot come to a resolution within the time set forth in paragraph 26 above, or as otherwise agreed, either Party may seek a determination from the Court. A Party may seek a determination from the Court at any time, notwithstanding the provisions of paragraph 25, if such Party believes it necessary for the orderly progress of this litigation, to protect its interests in this litigation, or where otherwise in the interests of justice.

29. After a designation as Confidential Information is removed or withdrawn by the Designating Party or by the Court, the Designating Party must provide to the Receiving Party replacement documents, files, or information that is free from any markings or designations as Confidential Information. The replacement versions shall be provided in the same format as the information that is to be replaced, unless otherwise agreed to by the Parties. The presumptive time for providing the replacement information shall be five days, but the Designating Party must in good faith provide the information in a reasonable time, considering any agreements with the Receiving Party, the volume of information to be re-produced, and the nature or format of the information.

F. **Disclosure, Use, and Handling of Confidential Information**

30. A Receiving Party may use Confidential Information in connection with this Action only for prosecuting, defending, or attempting to settle this Action, and shall disclose such Confidential Information only in accordance with the terms of this Protective Order.

31. Counsel of record are responsible for employing reasonable measures, consistent with this Protective Order, to control access to and secure distribution of Confidential Information.

32. Confidential Information shall only be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part to the following persons:

   a. Counsel (including outside counsel) for the Parties, including associated personnel necessary to assist counsel in this Action, such as litigation assistants, paralegals, and litigation support, information technology, information or records management, investigative, secretarial, or clerical personnel;

   b. Parties to the action;

   c. Current employees of the Parties who are assisting with respect to this Action;

   d. Any person with prior authorized access to the Confidential Information;

   e. Current employees of the Receiving Party;

   f. Witnesses, potential witnesses, and deponents, including their counsel;

   g. Court reporters and other persons not employed by this Court, retained to record or transcribe testimony or argument at interviews or depositions in connection with this Action;

   h. Litigation support professionals reasonably necessary to litigation in this Action;

   i. Retained and potential expert witnesses and consultants;

   j. Mediators or arbitrators; and

   k. This Court (including any judicial officer to whom this Court may refer this matter for settlement purposes) and Court staff personnel, including persons recording or transcribing testimony or argument at a conference, hearing, or appeal in this Action.

   l. Any mediator who may be selected jointly by the parties to provide mediation services.

33. Disclosure to the persons referenced in paragraph 32(f-l) above may only occur after the person to whom the disclosure is being made has been given a copy of this Protective Order and has signed a declaration in the form attached hereto as "Exhibit A."

34. Persons receiving Confidential Information pursuant to the terms of this Protective Order are prohibited from disclosing it to any person except in conformance with this Protective Order.

35. If a Receiving Party or anyone subject to this Protective Order receives a subpoena under Federal Rule of Civil Procedure 45 (or an equivalent mechanism under state law) seeking Confidential Information as designated in this Action, the Receiving Party or such individual shall promptly notify the Designating Party and shall not disclose any Confidential Information until the Designating Party has had a reasonable opportunity to inform the subpoenaed person either (a) the Designating Party does not object to the production of the Confidential Information or (b) that that the Designating Party will seek appropriate relief or protection from the proper court to prevent the production. The Designating Party shall bear the burden and expense of seeking protection of its designated Confidential Information, and nothing in this Protective Order should be construed as authorizing or encouraging a subpoenaed person to disobey a lawful directive from this or another court.

## G.   Filing Confidential Information with the Court

36. This Protective Order does not, by itself, authorize the filing of any document under seal. Notwithstanding any other provision of this Protective Order, documents designated as Confidential - Subject to the Protective Order may not be filed under seal with

the Clerk of this Court unless such sealing is authorized by a separate order upon an express finding that the documents, or portions thereof to be sealed, satisfy the requirements for sealing under Local Rule of Civil Procedure 5.3 and *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).

37. If a party wishes to file in the public record, or to disclose in open court, the contents of a document that another Designating Party has designated as Confidential – Subject to the Protective Order—other than the mere existence of said document—the party must advise the Designating Party of the document no later than three business days before the document is to he filed, so that the Designating Party may move the Court to require the document to be filed under seal or for other appropriate relief. If the Producing Party requests that the Court permit the document to be filed under seal within the three business days specified, the filing party may not file the document designated as Confidential - Subject to the Protective Order in the public record until the Court rules on the Producing Party's request.

### H. Inadvertent Production of Confidential Information

38. Nothing herein shall be deemed or construed as a waiver of any applicable privilege, right of privacy, or proprietary interest with respect to any information or item.

39. If a Receiving Party learns that, by inadvertence or otherwise, it, or a person to whom it has disclosed Confidential Information in accordance with this Protective Order, has disclosed Confidential Information to any person or in any circumstance not authorized under this Protective Order, the Receiving Party shall, upon learning of the unauthorized disclosure:

a. promptly notify the person(s) to whom the unauthorized disclosure was made that the unauthorized disclosure contains Confidential Information subject to this Protective Order;

b. promptly make all reasonable efforts to obtain the return of the Confidential Information and to prevent further unauthorized disclosures of the Confidential Information, including requesting the person who received the unauthorized disclosure to agree to be bound by the terms of this Protective Order by executing a declaration in the form attached as "Exhibit A"; and (c) within ten calendar days notify the Producing Party and all other Parties of the identity of the person(s) to whom the unauthorized disclosure was made, the circumstances surrounding the disclosure, and the steps taken to prevent any use or further disclosure of the Confidential Information that was the subject of the unauthorized disclosure.

I. **Disposition of Documents Containing Confidential Information**

40. Except as provided in this Protective Order, within 90 days of the final termination of this Action, whether by settlement, judgment, or other disposition or conclusion and all appeals or opportunities to appeal therefrom, a Receiving Party shall take reasonable steps either to (a) destroy or delete all items designated as Confidential Information or (b) return them to the Designating Party, depending upon the Designating Party's stated reasonable preference. Materials that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, the Receiving Party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions. In the course of disposing of information in its possession under this paragraph. Receiving Party also will take reasonable steps to notify persons to whom it distributed Confidential Information pursuant to this Order that such information should be returned to Receiving Party or destroyed by the person possessing the information with written confirmation to Receiving Party.

a. For material that contains or reflects Confidential Information, but that constitutes or reflects counsel's work product, or that of retained consultants and experts, counsel of record for the Parties shall be entitled to retain such work product in their files in accordance with the provisions of this Protective Order, so long as it is and remains clearly marked to reflect that it contains Confidential Information subject to this Protective Order.

b. Counsel of record for the Parties shall also be entitled to retain an archival copy of all filings; affidavits; motion papers; evidentiary hearing, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and evidentiary hearing exhibits; expert reports; briefs; other papers filed with the Court; and any other parts of the evidentiary hearing record, even if such material contains Confidential Information, so long as such material is and remains clearly marked to reflect that it contains Confidential Information. Even after the final disposition of this Action, the terms of this Protective Order shall continue to govern the disclosure, use, and handling of any Confidential Information unless and until its Designating Party agrees otherwise in writing or a court order directs.

c. In particular, attorneys for Respondents may maintain copies of any documents designated Confidential in their case file for this case, and may maintain copies of any notes or summaries containing such Confidential material in their case file for this case, but only if Respondents determine that retention is required by law under 44 U.S.C. § 3101, et seq., or pursuant to a regulation or preservation order with respect to 5 U.S.C. § 552, et seq.

### J. Court Jurisdiction After Disposition

41. This Court retains jurisdiction during and after final disposition of this action to enforce this Protective Order and to make such amendments, modifications, deletions, and additions to this Protective Order as the Court may from time to time deem appropriate or as may be requested by the parties.

### K. Applicability to Parties Later Joined

42. If additional persons or entities become parties to this Action, they must not be given access to any Confidential Information until they execute and file with the Court their written agreement to be bound by the provisions of this Order.

## L.     Privacy Act Authorization

43.     The United States is authorized to produce personal identifying information contained within electronically stored information or hard copy documents. Any electronically stored information or hard copy documents containing such personal identifying information will be deemed Confidential Information, regardless of whether the electronically stored information or hard copy documents are marked with a "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" legend designating the information as Confidential Information.

44.     This is an order of a court of competent jurisdiction. 5 U.S.C. § 552a(b)(11).

SO STIPULATED:

| *Counsel for Petitioner* | *Counsel for Respondents* |
|---|---|
| NEW YORK CIVIL LIBERTIES UNION FOUNDATION | MICHAEL DIGIACOMO<br>United States Attorney<br>Western District of New York |
| /s/ Amy Belsher<br>/s/ Elizabeth Gyori<br>/s/ Megan Porter*<br>125 Broad Street, Floor 19<br>New York, New York 10004<br>(212) 607-3300<br>abelsher@nyclu.org<br>*Admitted *pro hac vice* | /s/ Adam A. Khalil<br>Assistant United States Attorney<br>100 State Street, Suite 500<br>Rochester, New York 14614<br>(585) 399-3979<br>adam.khalil@usdoj.gov |

ROBERT F. KENNEDY HUMAN RIGHTS

/s/ Sarah T. Gillman
88 Pine Street, Ste. 801
New York, NY 10005
(646) 289-5593
gillman@rfkhumanrights.org

ROBERT F. KENNEDY HUMAN RIGHTS

/s/ Sarah Decker
1300 19th Street NW, Ste. 750
Washington, DC 20036
(646) 289-5593
decker@rfkhumanrights.org

PRISONERS' LEGAL SERVICES OF NEW YORK

/s/ Kerry Q. Battenfeld
/s/ Jillian E. Nowak
14 Lafayette Square, Suite 510
Buffalo, NY 14203
716- 844-8266
kbattenfeld@plsny.org

SO ORDERED: _____
HON. LAWRENCE J. VILARDO    9/15/25
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

OLIVER ELOY MATA VELASQUEZ,

                Petitioner,

    v.                                              25-CV-00493 JLV

STEPHEN KURZDORFER, in his official capacity as Acting Field Office Director, Buffalo Field Office, Enforcement and Removal Operations, U.S. Immigration & Customs Enforcement, et al.,

                Respondents.

## CERTIFICATION

1. My name is _____

2. I have read the Protective order that has been entered in this case, and a copy of it has been given to me. I understand the provisions of the Protective Order, and agree to comply with and to be bound by its provisions. I also consent to the jurisdiction of this Court for purposes of enforcement of the Protective Order.

3. I declare under penalty of perjury that the foregoing is true and correct.

Executed this ___ day of _____ by _____
                                                                                  (Print Name)

Signed _____